IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. STROM,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SCIOS, INC. and JOHNSON & JOHNSON,<br><br>　　　　Defendants. | No. C05-3004 CRB (JSC)<br><br>**ORDER RE: PARTIES' AUGUST 29, 2011 JOINT LETTER** |

By letter dated August 29, 2011, the parties jointly asked the Court to resolve a dispute involving Defendants' claim of attorney-client privilege with respect to a March 2002 telephone call involving Defendants' outside consultant Dr. Lipicky. After carefully considering the parties' written submissions, including the relevant deposition testimony and their post-hearing written submissions, and having had the benefit of oral argument on September 13, 2011, the Court DENIES Plaintiff's request to compel testimony.

First, the Court finds that Defendants have not waived any privilege claim by permitting Mr. Brewer and Ms. Dickinson to answer certain questions at deposition. In the deposition testimony identified by Plaintiff, neither Mr. Brewer nor Ms. Dickinson testified as to the content of the March 2002 telephone call.

Second, the Court finds that with the submission of Jane Moffitt's declaration (Dkt. No. 128) and the attached exhibits, Defendants have met their burden of showing that the

withheld communications made during the March 2002 telephone call are protected by the attorney-client privilege.  The written consultant agreement governing the relationship between Scios, Inc. ("Scios") and Dr. Lipicky at the time of the communications at issue required Dr. Lipicky to keep confidential "knowledge and information pertaining to Scios which is confidential" and that such confidential information included Dr. Lipicky's work product under the consulting agreement. (Dkt. No. 128-1 ¶ 9.)  Further, the subject matter for which Defendants claim privilege was a legal matter--FDA regulatory requirements and Netrecor's label--and a participant in the call was Jane Moffitt, an attorney and Defendants' Vice President of Regulatory Affairs.  Indeed, pursuant to the relevant consulting agreement Ms. Moffitt was responsible for Dr. Lipicky's work assignments and Dr. Lipicky was required to report to Ms. Moffitt.  (Id. ¶ 5.)

That Dr. Lipicky was a paid outside consultant rather than an employee does not mean the privilege does not apply.  "Generally, disclosure to third parties waives the attorney-client privilege, but there is an exception for independent contractors and other third parties who are functional equivalents of employees." Memry Corp. v. Kentucky Oil Technology, N.V., 2007 WL 39373 *2 (N.D. Cal. Jan. 4, 2007).  The privilege thus extends to "nonemployees who due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely." United States v. Graf, 610 F.3d 1148, 1159 (9th Cir. 2010) (quoting In re Bieter, 16 F.3d 929, 937-38 (8th Cir. 1994);  see also In re Bieter Co., 16 F.3d at 937 ("when applying the attorney-client privilege to a corporation or a partnership, it is inappropriate to distinguish between those on the client's payroll and those who are instead, and for whatever reason, employed as independent contractors").

Here, the record supports a finding that during the three years that Dr. Lipicky served as a paid consultant to Scios, Scios shared information with him about Scios and its products to enable Dr. Lipicky to assist Scios with various decisions.  Some of those decisions were business matters, such as how to design a clinical trial, and some were legal, such as FDA regulations in connection with product labels.  Due to Dr. Lipicky's specialized knowledge and his knowledge of Scios he was therefore the type of nonemployee who "posses[es] the

1   very sort of information that the privilege envisions flowing most freely." To put it another
2   way, it makes sense that Scios' attorneys would wish to consult with someone with
3   knowledge of Scios and FDA regulations "to discover the information they need to
4   successfully advocate on behalf of their client." Memry Corp., 2007 WL 39373 at *3. Dr.
5   Lipicky's role at Scios "was that of a functional employee." Graf, 610 F.3d at 1159.

6   Plaintiff's assertion that the privilege does not apply because the valuable information
7   Dr. Lipicky possessed was solely what he learned as a FDA employee rather than
8   information he obtained as a result of his relationship with Scios ignores that Scios shared
9   information about Scios with Dr. Lipicky. (Dkt. No. 128-1 ¶ 9.) In other words, Dr. Lipicky
10  did not merely advise Scios as to FDA rules and regulations; if that were the case no
11  confidentiality provision would be necessary. Instead, Dr. Lipicky provided Scios "with
12  advice and guidance for those aspects of Scios' business that related to FDA rules and
13  regulations" (Dkt. 128 ¶14) based on Dr. Lipicky's FDA knowledge *and* knowledge of Scios,
14  precisely the role that an employee often plays.

15  Finally, the Court notes that while Plaintiff mentions in the parties' joint letter that
16  Defendants' former employee, George Mahaffey, disclosed the contents of the March 2002
17  telephone call to Plaintiff during an interview, Plaintiff does not argue that Mr. Mahaffey has
18  waived or even could waive the privilege on behalf of Defendants.

19  Accordingly, Plaintiff's request to compel testimony regarding the contents of the
20  March 2002 telephone call involving Dr. Lipicky is DENIED.

22  **IT IS SO ORDERED.**

24  Dated: September 21, 2011               JACQUELINE SCOTT CORLEY
                                            UNITED STATES MAGISTRATE JUDGE

3