TONY WEST
Assistant Attorney General

JOSHUA B. EATON (CA Bar No. 196887)
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. §515
JOANN M. SWANSON (CA Bar No. 88143)
Chief, Civil Division
SARA WINSLOW (DC Bar No. 457643)
JULIE A. ARBUCKLE (CA Bar No. 193425)
THOMAS R. GREEN (CA Bar No. 203480)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6925 (Winslow)
              (415) 436-7102 (Arbuckle)
              (415) 436-7314 (Green)
    Facsimile:  (415) 436-6748
    sara.winslow@usdoj.gov

JOYCE R. BRANDA
PATRICIA R. DAVIS
RENÉE S. ORLEANS
KIMBERLY I. FRIDAY
Attorneys
Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 514-4504
    Facsimile:  (202) 305-4117
    renee.orleans@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* STROM,  )<br>  )<br>     Plaintiffs,  )<br>  )<br>   v.  )<br>  )<br>SCIOS, INC. and  )<br>JOHNSON & JOHNSON,  )<br>  )<br>     Defendants.  )<br>_____ ) | No. C 05-3004 CRB (JSC)<br><br>**STIPULATION REGARDING WITHHELD AND REDACTED DOCUMENTS; [P~~ROPOSED~~] ORDER** |

STIPULATION REGARDING WITHHELD AND REDACTED DOCUMENTS, No. C 05-3004 CRB (JSC)

WHEREAS Plaintiffs, the United States of America and Relator Joe Strom, and Defendants, Scios, Inc. and Johnson & Johnson, (collectively the "Parties") through their undersigned counsel, have been continuing to meet and confer regarding the remaining discovery disputes in this case, including, but not limited to:

(1) Whether Defendants Scios, Inc. and Johnson & Johnson ("Defendants") should be required to withdraw their assertions of the work product protection and attorney-client privilege over communications between Jane Moffitt (Scios, Inc.'s VP of Regulatory Affairs) and other employees and contractors, and over documents prepared, reviewed, sent, or received by Jane Moffitt, and produce all documents withheld on these grounds.  The United States recently learned that Ms. Moffitt did not have active California Bar membership while she worked at Scios, and thus was not engaged in the practice of law for the purpose of invoking the attorney-client privilege.  Defendants dispute the consequence of such a determination because they contend the attorney-client privilege applies if the client reasonably believes that the confidential communication was with an attorney.  The United States disputes Defendants' contention that they or their employees and agents could have reasonably believed that Ms. Moffitt was providing legal counsel to them.

(2) Whether Defendants should be required to produce in un-redacted form the "to/from/cc/bc/subject and date" lines in emails and email chains embedded in the text of emails otherwise identified as  protected by the attorney-client privilege and work product doctrine; and

(3) Whether Defendants should be required to produce all portions of emails and other documents redacted or withheld that their counsel received, but do not expressly request or relay legal advice.

(4) Defendants contend they have produced over 9 million pages of documents in the course of discovery in this matter, and identified thousands of documents over which it has asserted claims of attorney-client privilege and work product protection.  Defendants contend the burden of re-reviewing documents in the manner and to the extent sought by the government would be excessively burdensome.

IN ORDER TO RESOLVE ALL OF THESE DISPUTES, IT IS HEREBY STIPULATED

AND AGREED by the Parties, through their undersigned counsel of record, that:

(1) Defendants agree to withdraw their assertions of the work product protection and attorney-client privilege over communications between Jane Moffitt and other employees and contractors that were withheld solely based on Ms. Moffitt's participation as counsel, and documents prepared, reviewed, sent, or received by Jane Moffitt that were withheld solely based on Ms. Moffitt's participation as counsel. Further, Defendants will produce all documents withheld on these grounds, and will not lodge an objection to the admissibility of communications or documents based on an assertion that Ms. Moffitt was acting as an attorney (though retain the right to assert objections on other grounds).

(2) Plaintiffs agree not to argue that Defendants' production of these documents constitutes a subject matter waiver as to communications or documents over which Defendants assert a privilege or protection independent of Ms. Moffitt's participation – i.e. communications or documents otherwise privileged due to another attorney's participation.

(3) Plaintiffs further agree that they will not seek further reconsideration of this Court's decision that Scios' communications with Dr. Raymond Lipicky during the March 2002 telephone call are privileged, provided another attorney participated in such communications, and such showing shall be made to the government by declarations.

(4) In lieu of amending their privilege logs to include the to, from, cc, bc, subject, and dates of all emails Defendants have redacted, Defendants will produce all emails and email chains without redacting this information for any email embedded in an email chain otherwise claimed as privileged. In the course of this un-redaction, Defendants also will review the content of such emails and email chains to confirm that such chains are properly claimed as privileged and, to the extent such communications are not properly protected by the attorney-client privilege or work product doctrine, Defendants will produce them to Plaintiffs.

(5) Defendants agree to re-review all emails and other documents identified by Defendants' privilege logs as "subject to ongoing legal and regulatory review," "pending legal review," "awaiting legal review," "submitted to attorney," or "sent for legal review" to confirm that communications are properly claimed as privileged and, to the extent such communications

are not properly protected by the attorney-client privilege or work product doctrine, Defendants will produce them to Plaintiffs, subject to redaction of any portions of such emails and documents that expressly request or relay legal advice, or that constitute the work product of an attorney other than Jane Moffitt.

(6) Defendants agree that all of the documents that may be produced pursuant to this Stipulation are authentic pursuant to Fed. R. Evid. 901 in that they are what they purport to be, and that they will not challenge the authenticity of such documents in this action.

(7) All of the document productions that may be made pursuant to this Stipulation will be made as soon as possible, and no later than December 1, 2011.  If any additional discovery issues arise regarding the productions pursuant to this Stipulation, the United States shall have three weeks after the date all productions are complete to meet and confer with Defendants regarding such issues and to provide its portion of any joint discovery letter(s) to the Court relating to such issues.  Defendants will then have seven days to provide their responsive portion, and the parties will have an additional seven days to make any final revisions and file the joint letter(s).

(8) Based on the foregoing, the United States will not file the joint letter it sent Defendants regarding the discovery disputes described above.

IT IS SO STIPULATED.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOSHUA B. EATON
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. §515

Dated: October 19, 2011    By:    /S/
SARA WINSLOW
JULIE A. ARBUCKLE
THOMAS R. GREEN
Assistant United States Attorneys

Dated: October 19, 2011    By:    /S/
JOYCE R. BRANDA
PATRICIA R. DAVIS
RENÉE S. ORLEANS
KIMBERLY I. FRIDAY
Civil Division, U.S. Department of Justice

Attorneys for the United States

STIPULATION REGARDING WITHHELD AND REDACTED DOCUMENTS, No. C 05-3004 CRB (JSC)    4

NOLAN & AUERBACH, P.A.
LAW OFFICES OF MATTHEW PAVONE

Dated: October 19, 2011       By:         /S/
                              KENNETH J. NOLAN, Esq.
                              MARCELLA AUERBACH, Esq.
                              Pro Hac Vice
                              MATTHEW B. PAVONE, Esq.
                              Attorneys for *Qui Tam* Plaintiff Joe Strom


QUINN EMANUEL URQUHART & SULLIVAN, LLP

Dated: October 19, 2011       By:         /S/
                              CHRISTOPHER TAYBACK, Esq.
                              ASHLEY MARTABANO, Esq.
                              Attorneys for Defendants Scios, Inc. and
                              Johnson & Johnson Inc.

## [~~PROPOSED~~] ORDER

Pursuant to stipulation, IT IS SO ORDERED.

Dated: October 21, 2011       _/s/ Jacqueline S. Corley_____
                              JACQUELINE SCOTT CORLEY
                              United States Magistrate Judge