IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. STROM,<br><br>    Plaintiffs,<br><br>v.<br><br>SCIOS, INC. and JOHNSON & JOHNSON,<br><br>    Defendants. | No. C05-3004 CRB (JSC)<br><br>**ORDER RE: OCTOBER 28, 2011 JOINT LETTERS** |

Now pending before the Court are three joint letters filed October 28, 2011.

**A.    Advise of Counsel**

Defendants withdrew with prejudice their advice of counsel affirmative defense. At subsequent depositions, and upon questioning from the government, certain Scios witnesses testified to the effect that Scios formulated its position as to whether it was appropriate to promote Natrecor® for outpatient use based in part on advice received from outside counsel. The witnesses, however, refused to testify as to the substance of that advice based on attorney-client privilege. Plaintiff now seeks an order either (1) compelling Defendants to provide discovery on the advice of counsel with regard to the outpatient use of Natrecor® or (2) prohibiting Defendants from introducing any evidence that Scios obtained advice of counsel in formulating its position on promoting Natrecor in the outpatient market.

As Plaintiff does not (for purposes of the current dispute) contend that the testimony of the witnesses waived the attorney-client privilege with respect to the advice of counsel, the parties' dispute involves the admissibility of evidence rather than discovery. The real

question is what evidence Defendants should be allowed to introduce on motion or at trial in light of their refusal to waive the attorney-client privilege with respect to the advice of counsel. Such question is more appropriately directed to the trial judge as objections to evidence submitted by Defendants in opposition to summary judgment (should what Plaintiff perceives as objectionable evidence actually be introduced by Defendants) or in a pretrial motion in limine. Accordingly, Plaintiff's motion is denied without prejudice.

### B. Requests for Admissions

The parties dispute whether Defendants' responses to Plaintiff's Requests for Admissions ("RFAs") Nos. 7, 8, 11, 12, 13 and 15 were made in bad faith and therefore whether Defendants should be deemed to admit those RFAs. While the Court has access to the Scios plea agreement (CR 11-461 Dkt. No. 10), it does not believe the RFAs and Defendants' response are in the record. Accordingly, Plaintiff shall file the relevant documents with the Court. Upon filing the Court will take the dispute under submission; however, if any party requests, the Court would be pleased to hear oral argument.

### C. Claims Data

Upon review of the parties' Joint Letter, the Court believes it would be helpful to hold oral argument on the parties' claims data dispute to more fully explore the burden to the government, the relevance of the documents sought, and whether more briefing and/or declarations are appropriate. Accordingly, the Court will hold oral argument on **Wednesday, November 9 at 9:00 a.m. in Courtroom F.**

This Order disposes of Docket No. 151.

**IT IS SO ORDERED.**

Dated: November 1, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2