IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. STROM,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SCIOS, INC. and JOHNSON & JOHNSON,<br><br>　　　　　Defendants. | No. 05-3004 CRB (JSC)<br><br>**ORDER RE: DEFENDANTS' MOTION TO COMPEL (Dkt. No. 159)** |

　　　　Pending before the Court is Defendants' Motion to Compel the production of inpatient and outpatient claims data from Medicare, TRICARE, and FEHBP from January 1, 2001 to December 31, 2007 for each patient ID number for which the government alleges a false claim was submitted.  (Dkt. No. 159.)  Having considered the papers submitted by the parties, and having had the benefit of oral argument on December 1, 2011, the Court GRANTS Defendants' motion.

　　　　Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  The scope of

discovery is "extremely broad" and includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>Soto v. Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (internal citations and quotations omitted). "The question of relevancy should be construed "liberally and with common sense" and "be allowed unless the information sought has no conceivable bearing on the case." <u>United States v. Cathcart</u>, 2009 WL 1764642 at *2 (N.D. Cal. June 18, 2009) (internal citations and quotations omitted).

Given the broad scope of discovery, and for the reasons stated at oral argument, Defendants established that the requested inpatient and outpatient claims data from Medicare, TRICARE, and FEHBP is relevant to damages and therefore discoverable. The Court questioned the necessity of claims data for each patient for the entire January 1, 2001 to December 31, 2007 period, but the Government agreed with Defendants that limiting the time period for specific patients would only add to the Government's production burden. Defendants' Motion to Compel is therefore GRANTED. Claims data must be provided for each patient whose treatment claims will be included in the Government's calculation of damages.

This Order disposes of Dkt. No. 159.

**IT IS SO ORDERED.**

Dated: December 1, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE